**SO ORDERED.**

**SIGNED this 03 day of June, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
**John C. Cook**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 04-17442 |
| STEPHEN DeWAYNE HIXSON | ) | |
| and SAMANTHA GOBER HIXSON, | ) | |
| | ) | Chapter 7 |
| **Debtors** | ) | |
| | ) | |
| JERROLD D. FARINASH, Trustee, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. No. 05-1031 |
| | ) | |
| WILLIAM HIXSON, STEPHEN | ) | |
| DeWAYNE HIXSON, and | ) | |
| CAPITAL BANK, | ) | |
| | ) | |
| **Defendants** | ) | |

**M E M O R A N D U M**

This adversary proceeding is before the court on the trustee's complaint seeking the turn-over of a certain 2000 Ford Excursion motor vehicle and the avoidance of Capital Bank's security interest in Stephen DeWayne Hixson's interest in the vehicle.[1] In addition, the debtors are before the court on the Motion to Compel Abandonment that they filed in the above-styled Chapter 7 case on January 25, 2005. Having considered the proof and arguments of counsel, the court now makes its findings of fact and conclusions of law pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.

I.

The pertinent facts are simple and largely undisputed. On or about June 11, 2004, debtor Stephen Hixson and his father, William Hixson, who is not in bankruptcy, borrowed $13,980.00 from Capital Bank to purchase the Ford Excursion. A certificate of title to the vehicle was issued in the names of father and son on September 24, 2004.

On November 15, 2004, the debtors, who are the son and his wife, filed a voluntary petition commencing a case under Chapter 7 of the Bankruptcy Code. Schedule B filed with their petition states that the value of the vehicle was $13,100.00 and Schedule D states that the

---

[1] At the trial of this proceeding, the trustee withdrew his request for authorization to sell the vehicle free and clear of the lien of Capital Bank. Accordingly, the trustee's cause of action seeking to sell the vehicle will be dismissed without prejudice. On January 7, 2005, the trustee also filed in the Chapter 7 case a motion to Require Debtor to Surrender Property, which the court consolidated with the adversary proceeding by an oral ruling on March 3, 2005.

balance of the debt owed to the bank was $12,981.00.[2] The son testified that the scheduled value represented the full value of the vehicle, not simply the value of his interest. He also testified that the vehicle's odometer reading was 94,972 at the time of the purchase and that the vehicle has now been driven approximately 150,000 miles. Hence, at this time the value of the vehicle does not exceed the amount of debt secured by the bank's lien.

At the time the debtors filed their bankruptcy petition, their debts exceeded their assets and the presumption of insolvency created by 11 U.S.C. § 547(f) was not rebutted.

II.

At the conclusion of the trial in this proceeding, the court found that the trustee had established that the bank's lien on the son's interest in the vehicle could be avoided as a preferential transfer due to the untimely perfection of the security interest. Accordingly, the trustee would be entitled to recover the avoided transfer for the benefit of the estate pursuant to 11 U.S.C. § 550. Inasmuch as the avoided transfer consisted of the bank's lien on the son's undivided one-half interest in the vehicle, it is that interest that the trustee would be entitled to recover. The problem faced by the trustee, however, is that the father also owns an undivided one-half interest in the vehicle, and the bank's lien still encumbers the father's interest. The trustee announced at the trial that he does not intend to sell the estate's interest in the vehicle at this time. Rather, the trustee seeks to obtain possession of the vehicle, to insure and store it (at no cost to the estate), and to keep it stored for an estimated two or three years until the father has

---

[2]Capital Bank's proof of claim asserts a claim in the amount of $12,994.81.

3

paid off the entire debt to the bank. Then, the trustee plans to sell the vehicle and split the sale proceeds with the father. The son argues that the trustee should not be permitted to retain possession of the vehicle for a period of years, waiting to see if the father will pay off the bank's lien. Rather, he contends that the trustee should be compelled to abandon the estate's interest in the vehicle because at this time his undivided one-half interest in the vehicle is of inconsequential value or benefit to the estate. Hence, the first issue to be decided is whether the court should grant the debtors' motion to compel abandonment of the estate's interest in the vehicle.

Under the Bankruptcy Code, the court may order a trustee to abandon any property of the estate that is of "inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). The party seeking abandonment of property of the estate bears the burden of proving that the property is either burdensome to the estate or of inconsequential value. *In re Dillon,* 219 Bankr. 781, 785 (Bankr. M.D. Tenn. 1998). The current situation of the parties with respect to the vehicle is that the trustee and the father are cotenants in the vehicle, the trustee having succeeded to the position of the son by virtue of the bankruptcy filing. The bank has a lien on the undivided one-half interest of the father, but not on the equal interest of the son, since the bank's lien has been avoided by the court.

While the trustee does not desire to attempt to sell the estate's one-half interest in the vehicle at the present time, that does not mean that the estate's interest in the vehicle is of "inconsequential value and benefit to the estate." At this time, the trustee believes that the father will decide to pay off the bank loan himself, realizing that his credit rating will be in jeopardy if he does not and that, in any case, the bank can look to him to pay the entire debt because he was

4

a co-maker on the note. If the father elects this course of action, the son's bankruptcy estate would benefit when the father's payments have satisfied the lien and the vehicle is sold free of the lien. At that point, the debtor's estate would retain half of the sale proceeds and the father would receive the other half of the proceeds.

Another possibility is that either the father or trustee, as cotenants of the vehicle, may decide to partition the property by having it sold. Cotenants are entitled to partition property in Tennessee as a matter of right. *Yates v. Yates,* 571 S.W.2d 293, 296 (Tenn. 1978). When property is sold at a partition sale, any extant liens attach only to the proceeds of the party granting the lien. The lien on the undivided interest of the person follows and attaches to the share set apart for him in the partition and is detached from the other severalties. Annotation, *Partition As Affecting Pre-Existing Mortgage or Other Lien on Undivided Interest*, 93 A.L.R. 1267 (1934 & Supp. 2004); *Commercial Credit Plan, Inc. v. Estate of Smith,* No. 02A01-9708-CH-00204, 1998 WL 312855 at *4 (Tenn. Ct. App. June 12, 1998) (explaining that foreclosure is proper on undivided half interests); *see also* Tenn. Code Ann. § 29-27-209(b) (providing that the court may direct that any existing encumbrances on the interest of a party be paid out of that party's share of proceeds from the partition sale).[3] The bank's lien could not attach to the trustee's share of the partition, however, because the court has avoided it. Thus the trustee would realize half the value of the vehicle on partition. The vehicle's current value is about $13,000, and one-half of that is not an inconsequential sum of money.

---

[3]Although the cited cases deal with realty, a state statute provides that personalty may be partitioned in the exactly the same ways as realty. Tenn. Code Ann. § 29-27-105. Indeed, even joint tenants with rights of survivorship can partition their property. *Bunch v. Bunch*, No. 02A01-9705-CH-00106, 1998 WL 36217 (Tenn. App. Jan. 8, 1998).

Therefore, whether the trustee waits to sell the vehicle until after the father pays off the bank lien, or whether the debtor's father or trustee seeks a partition of the property now, it appears that the trustee has an asset whose value is not inconsequential. Accordingly, the debtors have not carried their burden of proving inconsequential value and benefit to the estate, and their motion to require an abandonment must be denied.

Turning now to the trustee's request for turnover, it appears that the trustee is entitled to the sale or use of the son's undivided one-half interest in the vehicle, but not necessarily the vehicle itself. The trustee is merely a cotenant in the vehicle with the father. As between cotenants, it is

> well settled that the exclusive possession of a chattel, by one tenant in common, and his refusal to permit the other to participate in the use thereof, will not entitle the other to sue at law, because each has an equal right to the possession, and the possession of one is the possession of both. If the other cannot regain possession, his remedy is in equity for a sale, and division of the proceeds.

*Cheek v. Wheatley*, 35 Tenn. (3 Sneed) 484, 492 (1856); *accord*, *Jackson v. Stockard*, 68 Tenn. 260 (1878). The vehicle itself is not property of the estate, but only the son's half interest in it. If the trustee can obtain the vehicle from whomever has possession of it, then he will be entitled to maintain possession of it. Otherwise, his remedy is a partition sale.

It results that the trustee is not entitled to a turnover of the vehicle from the father. However, the trustee's motion and complaint to require the debtor to surrender the property will be granted insofar as the debtor has possession of the vehicle. Moreover, the debtor must surrender his vehicle keys to the trustee. 11 U.S.C. § 542(a).

Obviously, the father may acquire possession of the vehicle, if he has not already done so, before the trustee acquires possession. Again, if that happens, the trustee's remedy would be a partition sale if the trustee opposes the father's possession and use of the vehicle.

A judgment and order will enter avoiding the lien of Capital Bank on the debtor's one-half interest in the vehicle, dismissing without prejudice the trustee's request to sell the vehicle free and clear of liens, granting the trustee's complaint and motion for turnover of the vehicle from the debtor Stephen Hixson, and denying the debtors' motion to compel abandonment.

###